1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Jacob A. T.,

              Plaintiff,

    v.

Frank Bisignano, Commissioner of Social
Security,

              Defendant.

Case No. 2:25-cv-01710-DJA

**Order**

12
13
14
15
16
17

      Before the Court is Plaintiff Jacob A. T.'s motion for leave to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee).  (ECF No. 1).  Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application.  The Court further finds that Plaintiff's complaint is sufficient to survive screening.  (ECF No. 1-1).  The Court finds these matters properly resolved without a hearing. LR 78-1.

18

**I.    Discussion.**

19

      **A.    *Plaintiff's* in forma pauperis *application*.**

20
21
22
23
24

      Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  Plaintiff explains that he receives food stamps, is homeless, and that his parents give him money to pay his insurances.  The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis*.

25

      **B.    *Screening Plaintiff's complaint*.**

26
27
28

      When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint.  *See* 28 U.S.C. § 1915(e).  For social security appeals, judges in this district consider four requirements for complaints to satisfy screening.  *See, e.g.*, *Graves v. Colvin*, 2015 WL

1   357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).  *See id.*  First, the complaint must establish

2   that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed

3   the application within 60 days after notice of the Social Security Commissioner's final decision.

4   *See id.*  Second, the complaint must indicate the judicial district in which the plaintiff resides.  *See*

5   *id.*  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff

6   claims to have become disabled.  *See id.*  Fourth, the complaint must contain a plain, short, and

7   concise statement identifying the nature of the plaintiff's disagreement with the determination

8   made by the Social Security Administration and show that the plaintiff is entitled to relief.[1]  *See*

9   *id.*

10          Plaintiff's complaint is sufficient to survive screening.  First, Plaintiff alleges that he

11  exhausted his administrative remedies and timely filed his application after the Commissioner's

12  final decision.  Second, Plaintiff indicates that he resides in this judicial district.  Third Plaintiff

13  states the nature of his disability and when he claims to have become disabled.  Fourth, Plaintiff

14  includes a plain, short, and concise statement identifying the nature of his disagreement with the

15  Social Security Administration's decision and alleges that he is entitled to relief.

16          The Court notes, however, that Plaintiff claims to live in Reno, Nevada.  Reno is located

17  in Washoe County, which is in the Unofficial Northern Division of the District of Nevada.  *See*

18  LR IA 1-6.  Under Local Rule IA 1-8(a), a civil action must be filed in the clerk's office for the

19  unofficial division of the court in which the action allegedly arose.  Given that Plaintiff lives in

20  Reno, the Court will therefore require Plaintiff to file a status report explaining whether he

21  intends to pursue his claims in the Unofficial Southern Division or the Unofficial Northern

22  Division.

23

24

25

26  ---
    [1] New rules govern social security cases, which provide in pertinent part that the plaintiff "may"
    provide a short and plain statement of the grounds for relief.  Supp. R. Soc. Sec. 2(b)(2).  In the
27  context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a
    sufficient explanation as to his contentions on appeal.  *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL
28  35218, at *2 (S.D. Cal. Jan. 4, 2023).

1    **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

2  *pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made.

3  At this time, Plaintiff shall not be required to pay the filing fee.

4    **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

5  conclusion without the necessity of prepayment of any additional fees or costs or the giving of

6  security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the

7  issuance of subpoenas at government expense.

8    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the

9  complaint (ECF No. 1-1) and shall provide notice of the commencement of the action to the

10  Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions.

11    **IT IS FURTHER ORDERED** that on or before **October 27, 2025,** Plaintiff must file a

12  status report with the Court explaining whether he intends to pursue this action in the Unofficial

13  Southern Division or the Unofficial Northern Division of the District of Nevada.

14

15    DATED: September 25, 2025

16    _____

17    DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE